DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant Harriet Broyles, individually and as Administrator of the Estate of Edwin Broyles, has appealed the decision of the Summit County Court of Common Pleas that denied her relief from judgment. This Court affirms.
 I {¶ 2} On April 8, 2003, Appellant filed a wrongful death complaint against Summa Health System ("Summa"), Maison Aine Nursing Home ("Maison Aine"), Dr. Mark Tereletsky and his medical group GCO Family Medical Group, Inc., (collectively "Tereletsky"). The complaint alleged that all four named defendants provided medical care to Edwin Broyles ("decedent"). The complaint further alleged that the four named defendants were negligent in their treatment of the decedent, and that their negligence resulted in the wrongful death of the decedent.
 {¶ 3} The four named defendants answered the complaint and denied all of the substantive claims in the complaint. Discovery ensued between the parties. On August 29, 2003, the trial court set a discovery schedule that required Broyles to file a notice with the trial court identifying her experts and attaching copies of the expert reports by November 21, 2003. The August 29, 2003 order also required that the four named defendants file notice with the trial court identifying their experts and attaching copies of the expert reports by January 21, 2004. Broyles did not comply with the August 29, 2003 order.
 {¶ 4} Between November 26, 2003 and December 29, 2003, Summa, Mainson Aine and Tereletsky filed motions for summary judgment. Their motions were based upon Broyles' failure to comply with the trial court's August 29, 2003 order. Appellant never responded to any of the motions for summary judgment.
 {¶ 5} On January 21, 2004, Tereletsky and Maison Aine identified their trial experts to the trial court.
 {¶ 6} On February 27, 2004, the trial court granted Summa, Maison Aine, and Tereletsky summary judgment based upon Broyles' failure to respond to the motions for summary judgment as well as Broyles' failure to comply with the trial court's August 29, 2003 order.
 {¶ 7} On March 26, 2004, Broyles filed a motion requesting: 1) relief from judgment pursuant to Civ.R. 60(B); 2) leave to file additional evidence in support of her motion for relief from judgment; and 3) a hearing on her motion for relief from judgment. On March 29, 2004, Broyles filed a notice of appeal of the trial court's decision granting summary judgment to the four named defendants, thus divesting the trial court of jurisdiction over her motion for relief from judgment. However, by journal entry dated April 22, 2004, we granted Broyles a thirty day stay and a remand of her direct appeal for a determination on her motion for relief from judgment, motion for leave, and motion for a hearing.
 {¶ 8} On May 24, 2004, the stay and remand expired without a decision from the trial court, thus jurisdiction over the matter returned to this Court. Broyles failed to prosecute her appeal to this Court, thus we dismissed her direct appeal on July 1, 2004. As a result of our dismissal, the trial court was vested with jurisdiction over Broyles' motion for relief from judgment, which it denied on July 23, 2004.
 {¶ 9} Broyles has timely appealed the trial court's July 23, 2004 decision, asserting two assignments of error.[1] For ease of analysis, we will address her second assignment of error first.
 Assignment of Error Number Two
"The trial court erred in denying [broyles'] motion to vacate."
 {¶ 10} In her second assignment of error, Broyles has argued that the trial court erred when it denied her motion for relief from judgment. Specifically, Broyles has argued that the interests of justice require that her motion to vacate be granted. We disagree.
 {¶ 11} Civ.R. 60(B) governs motions for relief from judgment and provides, in pertinent part:
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [Civ.R 59(B)]; (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 12} A movant must demonstrate the following three factors in order to obtain relief from judgment: (1) a meritorious defense or claim if relief is granted; (2) entitlement to relief under Civ.R. 60(B)(1)-(5); and (3) that the motion was filed within a reasonable time, with a maximum time being one year from the entry of judgment if the movant alleges entitlement to relief under Civ.R. 60(B)(1)-(3). GTE Automatic Elec., Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. "These requirements are independent and in the conjunctive[.]" Strack v. Pelton (1994), 70 Ohio St.3d 172,174. Thus, if the movant fails to satisfy any one of these requirements, the trial court must deny the motion. Id.
 {¶ 13} The standard of review used to evaluate the trial court's decision to deny or grant a Civ.R. 60(B) motion is an abuse of discretion. State ex rel. Russo v. Deters (1997),80 Ohio St.3d 152, 153. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. The trial court abuses its discretion if it grants relief in a case where the movant has not demonstrated all three factors in its motion.Mitchell v. Mill Creek Sparkle Mkt. (June 29, 1999), 7th Dist. No. 97 CA 230, 1999 Ohio App LEXIS 3153, at *4, citing Russo,80 Ohio St.3d at 154. If, however, the materials submitted by the parties clearly establish the movant is entitled to relief, then the motion should be granted. Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 104 ("If the material submitted by the parties in support of and in opposition to the motion clearly establishes that the movant filed a timely motion, has stated valid reasons why he is entitled to relief under one of the provisions of [Civ.R. 60(B)(1)-(5)], and has a defense, the trial court should grant the motion for relief from judgment and overruling the motion would be an abuse of discretion." (Alterations added; Emphasis omitted.)).
 {¶ 14} Broyles has argued that she presented evidence of a meritorious claim if relief were to be granted; that the interests of justice required the trial court to grant her motion for relief from judgment; and that the motion for relief from judgment was timely filed. In response, Tereletsky and Maison Aine have argued that Broyles filed her motion for relief from judgment as merely a substitute for her failed direct appeal.
 {¶ 15} In her Civ.R. 60(B) motion, Broyles argued that the interests of justice require that she be given relief from judgment because the decedent's death was due to the alleged negligence of Tereletsky and Maison Aine. In support of her argument, Broyles attached an unauthenticated report from the Summit County Medical Examiner, stating that the decedent's death was an "accident" because the decedent was "given [the] incorrect dose of medicine" while a patient at Maison Aine. The report was dated October 3, 2002. The trial court denied Broyles' motion, stating that Broyles "fail[ed] to indicate upon what ground relief should be granted" and failed to show that she was entitled to relief on one of the grounds stated in Civ.R. 60(B)(1)-(5). Based upon both of these findings, the trial court concluded that Broyles failed to meet the second prong of theGTE Automatic test and denied her relief from judgment.
 {¶ 16} Our review of Broyles' motion for relief from judgment reveals that the trial court correctly concluded that Broyles failed to indicate upon what grounds she was entitled to relief pursuant to Civ.R. 60(B)(1)-(5). However, in her motion for relief from judgment, Broyles did cite Civ.R. 60(B)(1) exclusively. Assuming, arguendo, that this constituted her argument that she was entitled to relief from judgment pursuant to Civ.R. 60(B)(1), our further review of her motion to the trial court reveals that she did not present any arguments in support of relief pursuant to Civ.R. 60(B)(1). Broyles' motion for relief from judgment is devoid of any discussion regarding mistake, inadvertence, surprise or excusable neglect regarding her failure to respond to Maison Aine's and Tereletsky's respective motions for summary judgment. See Civ.R. 60(B)(1).
 {¶ 17} Furthermore, the record reveals that Broyles identified her trial experts to opposing counsel during discovery. For some unexplained reason, however, Broyles failed to comply with the trial court's August 29, 2003 order. We cannot speculate as to what would have been the result had Broyles responded to the motions for summary judgment by providing an authenticated copy of the Medical Examiner's report.
 {¶ 18} Because Broyles has failed to offer any explanation as to why she did not respond to Maison Aine's or Tereletsky's motions for summary judgment in the underlying litigation, this Court concludes that the trial court did not abuse its discretion when it found that Broyles failed to show that she was entitled to relief from judgment pursuant to Civ.R. 60(B)(1)-(5). As a result, the trial court properly denied Broyles relief from judgment.
 {¶ 19} Broyles' second assignment of error is without merit.
 Assignment of Error Number One
"The trial court erred in finding that the motion for leave was predicated upon the motion to vacate being granted."
 {¶ 20} In her first assignment of error, Broyles has argued that the trial court erred when, after it denied her relief from judgment, it denied her request for additional time in which to gather "further evidence in support of the genuine issues involved in this case." Specifically, Broyles has argued that the trial court should have ruled on her motion for leave before it ruled on her motion for relief from judgment. We disagree.
 {¶ 21} It is well settled that the granting of additional time for discovery is within the discretion of the trial court.Blair v. Boye-Doe, 157 Ohio App.3d 17, fn.3, 2004-Ohio-1876. Therefore, this Court will not disturb a decision of the trial court denying additional time unless it is clear from the record that the trial court's decision was arbitrary, unreasonable, or unconscionable. See, Blakemore, at 219.
 {¶ 22} Broyles has argued that she should have been granted time for additional discovery in order to support her motion for relief from judgment, and that the trial court erred when it denied her motion for relief from judgment before it made a decision on her motion for leave. In response, Tereletsky and Maison Aine have argued that Broyles attempted to use her motion for relief from judgment as a substitute for her failed direct appeal.
 {¶ 23} This Court has held that "all operative facts which would justify relief must be asserted in the motion [for relief from judgment]." State ex. rel. Motley v. Administrator (Dec. 20, 2000), 9th Dist. No. 20083, at 2, citing Salem v. Salem
(1988), 61 Ohio App.3d 243, 245. The trial court may deny a motion for relief from judgment if the material submitted by the movant fails to present operative facts that demonstrate entitlement to relief pursuant to Civ.R. 60(B). Salem, at 245.
 {¶ 24} Having already concluded that Broyles failed to present operative facts that entitled her to relief from judgment, we further conclude that she was not entitled to time for additional discovery, albeit before or after the trial court decided her motion for relief from judgment. As a result, the trial court did not abuse its discretion when it denied her motion for leave after it denied her motion for relief from judgment.
 {¶ 25} Broyles' first assignment of error lacks merit.
 III {¶ 26} Broyles' two assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Reader, J. concur.
(Reader, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] Broyles voluntarily dismissed Summa from the instant appeal on November 1, 2004. Therefore, only Tereletsky and Maison Aine are parties to the instant appeal.