[Cite as *Melinich v. Melinich*, 195 Ohio App.3d 451, 2011-Ohio-5068.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

MELINICH,                                                    :

     Appellant,                                  :       C.A. CASE NO.      24399

v.                                                           :       T.C. NO.      05DR1584

MELINICH,                                                    :       (Civil appeal from Common
                                        Pleas Court, Domestic Relations)
     Appellee.                                   :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___30th___ day of September, 2011.

. . . . . . . . . .

Mary K. C. Soter, for appellant.

Kathy L. Ellison, for appellee.

. . . . . . . . . .

DONOVAN, Judge.

{¶ 1} Plaintiff-appellant, Alphonse H. Melinich, appeals a decision of the Montgomery County Court of Common Pleas, Domestic Relations Division, adopting the decision of the magistrate granting the Civ.R. 60(B) motion for relief from judgment of defendant-appellee, Wendy S. Melinich. Specifically, Wendy sought relief from the trial court's decision of May 6, 2009, which adopted a magistrate's decision overruling her motion to find Alphonse in contempt for failure to make payments toward his portion of a joint student loan. After a hearing held on December 4, 2009, the magistrate granted Wendy's motion for relief from judgment

in a written decision issued on December 23, 2009. The trial court subsequently adopted the decision of the magistrate on November 17, 2010. Alphonse filed a timely notice of appeal with this court on December 17, 2010.

I

{¶ 2} Alphonse and Wendy were married on December 10, 1993, in Dayton, Ohio. On December 22, 2005, Alphonse filed a complaint for divorce. Both parties were represented by counsel in the initial stages of the divorce proceedings. A judgment entry granting the parties' final decree of divorce was filed on July 12, 2006. At issue in the instant appeal is the following section of the parties' final decree, which states:

{¶ 3} "(11) Debts

{¶ 4} "* * *

{¶ 5} "The parties acknowledge that they have a joint, consolidated student loan for both the Plaintiff and the Defendant, the balance of which is $30,362.47. They further acknowledge that this loan is in forbearance until January, 2007.

{¶ 6} "The parties agree to cooperate to petition to divide the Sallie Mae student loan into two separate accounts, and to each pay his or her account. If Sallie Mae refuses to divide the student loan into two separate accounts, then each of the parties shall pay one-half of the total amount due on the student loan each month until it is paid in full."

{¶ 7} Wendy filed a pro se motion on January 2, 2008, requesting that Alphonse be held in contempt for failure to pay the joint student loan. A hearing was held on the contempt matter on February 28, 2008, and April 21, 2008. On

May 12, 2008, the magistrate issued a decision overruling Wendy's motion to hold Alphonse in contempt for failure to pay the joint student loan. Wendy filed objections to the magistrate's decision. The trial court adopted the magistrate's findings in a decision issued on May 6, 2009.

{¶ 8} On August 7, 2009, Wendy filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1) and (2) regarding the trial court's adoption of the magistrate's decision. In her motion, Wendy argued she was a "victim of 'surprise' when [Alphonse] presented the alleged proof that the loan was wiped clean." Wendy asserted that she did not know about, nor could she have obtained through discovery, Alphonse's exhibit that he proffered in order to establish that he had paid off his portion of the joint student loan, because the exhibit was in no way related to the joint loan. Thus, she argued that the exhibit constituted "newly discovered evidence" that she could not have acquired prior to the contempt hearing.

{¶ 9} In a decision issued on December 23, 2009, the magistrate granted Wendy's Civ.R. 60(B) motion for relief from judgment. Specifically, the magistrate found that Alphonse was in contempt for failure to pay his portion of the joint student loan and sentenced him to 30 days in jail. The magistrate, however, suspended the jail sentence on the condition that Alphonse pay his monthly share of the joint loan and also pay off the accumulated arrearage of $2,993.79. The trial court subsequently adopted the magistrate's decision granting the motion for relief from judgment on November 17, 2010.

{¶ 10} It is from this judgment that Alphonse now appeals.

II

{¶ 11} Because they are interrelated, all of Alphonse's assignments of error

will be discussed together as follows:

{¶ 12} "The court's granting of the Ohio R. of Civ.Proc. 60(B) motion was unreasonable, arbitrary, and unconscionable. Defendant should have filed an appeal from the judge's decision."

{¶ 13} "A hearing should have been held on whether or not the defendant's 60(B) motion was or was not going to be granted, prior to the holding of the evidentiary hearing."

{¶ 14} "The magistrate erred in ruling that defendant had a right to have her 60(B) motion sustained due to surprise."

{¶ 15} "The magistrate erred in considering evidence which was not contained in the transcript of the first hearing and which was not brought out at the December, 2009 hearing."

{¶ 16} In his first assignment, Alphonse contends that Wendy's Civ.R. 60(B) motion for relief from judgment was not the proper method by which to dispute the trial court's decision issued on May 6, 2009. Rather, Alphonse argues that Wendy should have filed a direct appeal of the trial court's decision. Alphonse asserts that a hearing should have been held prior to the Civ.R. 60(B) evidentiary hearing in order to determine whether Wendy's motion was going to be granted. Alphonse further argues that the magistrate erred by sustaining Wendy's Civ.R. 60(B) motion on the basis of surprise. Lastly, Alphonse asserts that the magistrate erred by considering evidence at the Civ.R. 60(B) evidentiary hearing that was not adduced during the hearing on December 4, 2009.

{¶ 17} Civ.R. 60(B) provides: "On motion and upon such terms as are just,

the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."

{¶ 18} "To prevail on a motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5);and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, paragraph two of the syllabus; *Covert Options, Inc. v. R.L. Young & Assocs., Inc.*, Montgomery App. No. 20011, 2004-Ohio-67, ¶ 7. All three elements must be established, and "the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174; *Fifth Third Bank of W. Ohio v. Shepard Grain Co., Inc.,* Miami App. No. 2003 CA 40, 2004-Ohio-1816, ¶ 10.

{¶ 19} The requirements outlined above are "independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Pelton,* 70 Ohio St.3d at 174. Motions for relief from judgment under Civ.R. 60(B)

are addressed to a trial court's sound discretion, and the court's ruling "will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77.

{¶ 20} It is well established that a motion under Civ.R. 60(B) may not be used as a substitute for a direct appeal. *Risner v. Cline*, Champaign App. No. 2003-CA-24, 2004-Ohio-3786, citing *Doe v. Trumbull Cty. Children Servs. Bd.* (1986), 28 Ohio St.3d 128 (Civ.R. 60(B) motion may not be based on a change in the decisional law after final judgment has been rendered).

{¶ 21} As we noted in *Ford Motor Credit Co. v. Cunningham*, Montgomery App. No. 20341, 2004-Ohio-6226:

{¶ 22} " '[A] motion for relief from judgment cannot be predicated upon the argument that the trial court made a mistake in rendering its decision. *Chester Twp. v. Fraternal Order of Police* (1995), 102 Ohio App.3d 404, 408. The type of mistake contemplated by Civ.R. 60(B)(1) is a mistake by a party or his legal representative, not a mistake by the trial court in its legal analysis. *Antonopoulos v. Eisner* (1972), 30 Ohio App.2d 187; *Carrabine v. Brown* (Aug. 13, 1993), Geauga App. No. 92-G-1736. In order to contest the trial court's judgment dismissing his motion, appellant was required to directly appeal that judgment. Civ.R. 60(B) relief cannot be employed as a substitute for an appeal. *Doe,* * * * 28 Ohio St.3d [at] 131, 502 N.E.2d 605.' *Tonti v. Tonti*, Franklin App. Nos. 03AP-494, 03AP-728, 2004-Ohio-2529, ¶ 130."

{¶ 23} While Wendy claims surprise, rather than mistake or inadvertence, as the basis for her motion for relief from judgment, it is apparent from the record that

she has not attempted to circumvent the appellate process through her use of Civ.R. 60(B)(1) and (3). During the hearing on April 21, 2008, Alphonse presented the magistrate with Exhibit 1-A, a document that he claimed established that he had paid his portion of the joint student loan in both parties' names. This was a misrepresentation by an adverse party regarding the status of a disputed loan. The account number on the loan document provided by Alphonse was different from the account number on the loan document in Wendy's possession, which she testified was the actual record of the joint student loan. Wendy testified that she had never seen the document proffered by Alphonse and was unaware that it existed. Alphonse testified that based on the documentation he provided, his portion of the loan was paid and he was no longer responsible for any payments with respect to the joint student loan. Wendy asked the magistrate for a continuance in order to investigate the document proffered by Alphonse, but the court denied her request. When presented with a copy of the joint student-loan document that listed approximately $33,000.00 still owing on the loan, Alphonse testified as follows:

{¶ 24} "A: That can be a computer error. I have no idea. This is the first time I'm being presented with this, so it's real hard for me to testify over information that is just being thrown in my lap that I have no previous knowledge of."

{¶ 25} At the evidentiary hearing on December 4, 2009, regarding her motion for relief from judgment, Wendy provided the following testimony regarding the document proffered by Alphonse:

{¶ 26} "Defense Counsel: Okay. Am I correct that you chose to represent yourself?

**{¶ 27}** "Wendy: Yes.

**{¶ 28}** "Q: And am I correct that Magistrate Hall told you in the very beginning of the hearing that you had a right to continuance?

**{¶ 29}** "A: Yes.

**{¶ 30}** "Q: And am I correct that you said you did not want a continuance?

**{¶ 31}** "A: That's correct, yes.

**{¶ 32}** "Q: All right. Am I correct that after you didn't like the way the hearing was going, you decided you wanted a continuance?

**{¶ 33}** "A: Well, *it was the fact that I was thrown a document at me that I wasn't given in advance that I need to investigate and find out why the* [loan] *numbers were different and why it said something different from my – our joint account number. Why it had a different account number and stuff.*

**{¶ 34}** "Q: Did you do any discovery demand upon Alphonse Melinich prior to that hearing [on April 21, 2008]?

**{¶ 35}** "A: No.

**{¶ 36}** "Q: Did you do a subpoena on Alphonse to bring any documents with him to the hearing?

**{¶ 37}** "A: I don't think so, no."

**{¶ 38}** Alphonse argues that Wendy could have conducted discovery and been made aware of Exhibit 1-A prior to the hearing. Alphonse also points out that the fact that she chose to represent herself does not abrogate her duty to abide by the same rules that attorneys must follow regarding discovery. Thus, Alphonse asserts that Wendy has waived any argument she may have had with respect to

Exhibit 1-A because she failed to appeal the trial court's decision overruling her objection to the magistrate's decision regarding the joint student loan.

{¶ 39} Upon review, we find that the exhibit proffered by Alphonse purporting to establish that he had paid off his portion of the student loan prior to the April 21, 2008 hearing bore no relevance to the proceedings. The loan paid off by Alphonse was not the same loan that the parties were jointly ordered to pay in the final divorce decree. As noted by the trial court, the account number of Exhibit 1-A (9699388690-1) is not the same as the joint student-loan number (9605078250-9) at issue in the instant case. By his own admission, Alphonse had not made a single payment on the joint student loan since April 2007. Had Wendy conducted discovery, it is unlikely that she would have requested or received Exhibit 1-A because it was totally unrelated to the joint student loan for which both parties were responsible, and she had no idea that such a document even existed. Accordingly, the trial court did not abuse its discretion when it adopted the magistrate's decision finding that Wendy established that she had been surprised by newly discovered evidence that she could not have otherwise discovered with due diligence. Under these circumstances, a motion for relief from judgment is permissible, and Alphonse is clearly responsible for his portion of the joint student loan.

{¶ 40} In his second assignment, Alphonse contends that a hearing should have been held in order to determine whether Wendy's Civ.R. 60(B) motion was to be granted before an evidentiary hearing was held on the actual merits of the motion for relief from judgment. Simply put, we are not persuaded by Alphonse's argument. As directed by the trial court, the magistrate held a hearing on

December 4, 2009, in order to decide the merits of Wendy's Civ.R. 60(B) motion for relief from judgment. The magistrate did not err by allowing evidence regarding the merits of Wendy's motion to be presented during the hearing. Lastly, we note that Alphonse's fourth assignment of error is merely a restatement of arguments advanced in his first, second, and third assignments and is, likewise, without merit.

III

{¶ 41} All of Alphonse's assignments of error having been overruled, the judgment of the trial court adopting the decision of the magistrate is affirmed.

Judgment affirmed.

. . . . . . . . . .

GRADY, P.J., and WAITE, J., concur.

CHERYL L. WAITE, J., of the Seventh District Court of Appeals, sitting by assignment.

_____