[Cite as *Culgan v. Miller*, 2011-Ohio-6194.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

CLIFFORD CULGAN, et al.

    Appellees

    v.

RICK MILLER, et al.

    Appellants

C.A. No.     10CA0074-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE Nos.   08-CIV-2029
               08-CIV-2030

DECISION AND JOURNAL ENTRY

Dated: December 5, 2011

---

CARR, Judge.

**{¶1}** Appellant, Rick Miller, appeals the judgment of the Medina County Court of Common Pleas which granted a motion for relief from judgment pursuant to Civ.R. 60(B)(1) in favor of appellee, Caitlin Culgan. This Court reverses.

I.

**{¶2}** This case has a lengthy procedural history which this Court has set out in great detail in *Culgan v. Miller*, 9th Dist. No. 10CA0036-M, 2011-Ohio-4298, at ¶2-6 ("*Culgan I*") as follows:

"In 2006, Mr. Culgan, Mrs. Culgan, and Caitlin (collectively 'the Culgans') filed a complaint against Bank One, N.A. and several John Doe defendants asserting that Bank One and its employees and the John Doe moving company and its employees 'removed, damaged, lost, and stole and otherwise converted' personal property of the Culgans during execution of a writ of possession in November 2004. JP Morgan Chase Bank, N.A. ('Chase'), as the successor by merger to Bank One, N.A., filed a motion for partial summary judgment. Chase asserted that, because Mr. and Mrs. Culgan had previously filed bankruptcy petitions representing that they had only $1600 of personal property, aside from cash and bank accounts, they should be estopped from claiming damages in excess of that

amount as all the property alleged to be damaged was acquired prior to filing the bankruptcy petition. Thus, Chase argued, it was entitled to summary judgment with respect to all but $1600 of the alleged damages. The trial court agreed with Chase, concluding that:

> 'Chase is entitled to a partial summary judgment as reasonable minds can only conclude that the judicial estoppel doctrine applies. [T]he Culgans are estopped from pursuing a claim based on personal property loss or damage in excess of $1,600.00. They admitted that no personal property was acquired by them after their bankruptcy filings, and they listed in their schedules that the value of their personal property was $1,600.00. They are estopped from asserting otherwise.'

Thereafter, the trial court dismissed the John Doe defendants from the suit without prejudice. The Culgans filed an amended complaint specifically naming Mr. Miller as a defendant. The amended complaint was stricken. Subsequently, the Culgans entered into a confidential settlement agreement with Chase, and the Culgans dismissed all their claims against Chase with prejudice but reserved their rights to sue Mr. Miller.

"The instant appeal concerns the subsequent complaints filed against Mr. Miller. In one action, Mr. Culgan and Mrs. Culgan filed a complaint against Mr. Miller individually and Mr. Culgan also asserted claims as trustee for the Caitlin R. Culgan Children's Trust ('the Trust'). In a separate action, Caitlin filed a complaint against Mr. Miller individually, and as beneficiary of the Trust. Both actions were consolidated in 2008. In both complaints, the Culgans alleged that, in November 2004, Mr. Miller, along with several John Doe defendants (who were later dismissed from the suit), 'damaged, destroyed, lost, stole, and/or converted' approximately one million dollars of the Culgans' personal property while they were executing a writ of possession on the Culgans' former home, which was previously foreclosed upon. The complaints sought damages in excess of one million dollars, along with punitive damages.

"Mr. Miller moved to dismiss the John Doe defendants, to file a transcript of the settlement proceedings with Chase under seal, to have the Culgans produce a copy of the release and settlement agreement, subject to protective order, and to transfer the trial court's record in the action with Chase into the record of the instant action. The trial court granted the motions. Mr. Miller moved for summary judgment asserting that the Culgans were barred by judicial estoppel from asserting claims for property not disclosed on the bankruptcy schedules, that the claims were barred by the statute of limitations, that claims filed on behalf of the trust should be dismissed, that the Culgans had been fully compensated by the settlement with Chase, that their claims were barred by the doctrine of unclean hands, and that Mr. Miller is entitled to judicial immunity and an award of attorney fees. The Culgans responded in opposition. Mr. Miller filed a reply brief

and a motion to strike the exhibits attached to the Culgans' motion in opposition to Mr. Miller's motion for summary judgment. The Culgans then filed affidavits apparently in response to Mr. Miller's motion to strike.

"The trial court held that Mr. Miller was entitled to summary judgment against Mr. and Mrs. Culgan based upon the doctrine of judicial estoppel and because the Culgans 'received more than the values claimed in the bankruptcy case in their settlement with Bank One.' With respect to the Trust and Caitlin, who were not parties to the bankruptcy action, the trial court concluded that they failed to demonstrate a genuine issue of fact for trial. The trial court concluded that the exhibits attached to the Culgans' motion in opposition were improper summary judgment evidence and, accordingly, could not be considered. The trial court went on to state that '[t]here are no affidavits or evidentiary material to establish the alleged trust, ownership of the personal property or claims against Miller for taking the property.'

"The Culgans filed a collective notice of appeal, signed by each of them as individuals. There was no notice of appeal filed on behalf of the Trust. Mr. Miller filed a notice of cross-appeal. While the appeal was pending, the Culgans filed a motion to vacate pursuant to Civ.R. 60(B) in the trial court. The Culgans thereafter requested that we stay the proceedings and remand the matter to the trial court so that it could rule on their motion. We granted the request."

{¶3} In *Culgan I*, we affirmed the trial court's grant of summary judgment in favor of Mr. Miller on the claims asserted by Caitlin and her parents. The Culgans filed a motion for relief from judgment pursuant to Civ.R. 60(B), Mr. Miller responded in opposition, and the Culgans replied. The trial court denied the Civ.R. 60(B) motion as to Mr. and Mrs. Culgan and the trust, but it granted the motion to vacate summary judgment with respect to Caitlin's personal property. Mr. Miller filed a timely appeal, raising seven assignments of error for review. This Court consolidates the first and second assignments of error to facilitate review.

II.

**ASSIGNMENT OF ERROR I**

"THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING A MOTION FOR RELIEF WHICH FAILED TO IDENTIFY WHICH PORTION OF [CIV.R.] 60(B) WAS BEING INVOKED."

**ASSIGNMENT OF ERROR II**

"THE TRIAL COURT ABUSED ITS DISCRETION BY UNILATERALLY FINDING ITS OWN ACTION TO CONSTITUTE A 'MISTAKE' UNDER CIV.R. 60(B)(1)."

{¶4} Mr. Miller argues that the trial court abused its discretion by granting relief from judgment because Caitlin failed to identify any grounds for relief. He further argues that the trial court erred by granting relief from judgment upon finding that its own actions constituted mistake pursuant to Civ.R. 60(B)(1). This Court agrees.

{¶5} The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of the discretion. *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.

{¶6} Civ.R. 60(B) states, in relevant part,

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

{¶7} To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that

> "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.

{¶8} "The requirements of Civ.R. 60(B) are stated in the conjunctive; if one of the requirements [is] not met, relief from judgment cannot be granted." *Wolotsky v. Portage Path Community Mental Health Ctr.* (Apr. 12, 1995), 9th Dist. No. 16827, citing *Strack*, 70 Ohio St.3d at 174.

{¶9} After the trial court issued its final judgment on the motion for summary judgment, but before the Culgans filed a Civ.R. 60(B) motion, they filed a motion for reconsideration. "The Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court." *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 378, paragraph one of the syllabus. Accordingly, "motions for reconsideration of a final judgment in the trial court are a nullity." Id. at 379. In her motion for relief from judgment, Caitlin wrote that she was incorporating by reference the arguments set forth in the motion for reconsideration. Despite the fact that a motion for reconsideration is a nullity, to the extent that Caitlin's arguments in the motion for reconsideration might have been properly before the trial court for consideration, she nevertheless failed to cite to Civ.R. 60(B) at all, let alone any specific grounds for relief under that rule. This Court has repeatedly recognized that the "failure to identify which portion of Civ.R. 60(B) is being invoked is fatal to a Civ.R. 60(B) motion because the second prong of *GTE* is not satisfied. See *Sales v. Long* (Jan. 22, 1997), 9th Dist. No. 17825. 'Neither the responding party nor the court can be expected to divine the

[specific] grounds under which the movant seeks relief.' *Black v. Harris* (Dec. 30, 1994), 2d Dist. No. 14583." *Rhodes v. Rhodes* (Nov. 7, 2001), 9th Dist. No. 20512. Accordingly, assuming arguendo that the motion for reconsideration was properly before the trial court for consideration, the incorporation of any arguments therein failed to provide specific grounds in support of the Civ.R. 60(B) motion and, therefore, failed to satisfy the second prong of the *GTE* test.

{¶10} In her motion for relief from judgment, Caitlin quoted Civ.R. 60(B) "in pertin[ent] part," solely in regard to subsections (1), (3), and (5). One could, therefore, reasonably conclude that she would argue that relief was warranted on the grounds of mistake, inadvertence, surprise, excusable neglect, fraud, misrepresentation or other misconduct of an adverse party, or some unusual and extreme reason justifying relief from the judgment. The vast majority of her argument, however, focused on Mr. Miller's alleged failure to meet his burden of proof in support of his motion for summary judgment. That argument fails to support any of the above-referenced grounds for relief.

{¶11} Caitlin's only other argument is that the trial court had the discretion to consider the affidavits she filed after the court granted summary judgment in favor of Mr. Miller because she had served the affidavits on the opposing party. Caitlin failed to explain, however, how this discretion imbued on the trial court gave rise to any of the above-referenced grounds for relief. In her reply in support of her Civ.R. 60(B) motion, Caitlin asserted that she would have timely filed affidavits in support of her opposition to the motion for summary judgment had she been aware of a hearing date on the motion. She then concluded that the trial court "has the authority to consider [the] affidavits" "in the interest of justice." Again, she failed to invoke any specific grounds pursuant to Civ.R. 60(B) in support of her motion for relief from judgment. By failing

to invoke specific grounds or present any arguments in support of relief pursuant to Civ.R. 60(B)(1), (3), or (5), Caitlin failed to meet the second prong of the *GTE* test. See *Broyles v. Summa Health Sys.*, 9th Dist. No. 22278, 2005-Ohio-3107, at ¶16.

{¶12} The trial court nevertheless granted the motion for relief from judgment in Caitlin's favor on the grounds of its own mistake, purportedly pursuant to Civ.R. 60(B)(1), due to its failure to schedule a hearing on the motion for summary judgment. Many appellate courts have determined that "a factual or legal mistake on the part of the trial court is not the type of mistake contemplated by Civ.R. 60(B)(1)." *Hankinson v. Hankinson*, 7th Dist. No. 03 MA 7, 2004-Ohio-2480, at ¶20, citing *Gold Touch, Inc. v. TJS Lab., Inc.* (1998), 130 Ohio App.3d 106, 110-111 (where the 8th District said that failure to consider a brief is not the type of mistake contemplated by 60(B)); *Peltz v. Peltz* (June 27, 1997), 11th Dist. No. 96-G-2026; *Carrabine v. Brown* (Aug. 13, 1993), 11th Dist. No. 92-G-1736. See, also, *Melinich v. Melinich*, 2d Dist. No. 24399, 2011-Ohio-5068, at ¶22; *In re Adoption of A.N.L.*, 12th Dist. Nos. CA2004-11-131, CA2005-04-046, 2005-Ohio-4239, at ¶26; *Karpanty v. Scheer* (June 6, 1986), 6th Dist. No. L-86-020 ("The 'mistake' that Civ.R. 60(B)(1) speaks to is a mistake of a party or others, such as a party's agents. The proper procedure to be utilized where a party claims that a judgment is based on a trial court's mistake of law and/or fact is an appeal and it is improper to use Civ.R. 60(B) as a substitute for such appeal.") While this Court has not expressly enunciated the rule, we have implicitly recognized its application. See, e.g., *Nelson v. Angley*, 9th Dist. No. 24390, 2009-Ohio-1050, at ¶13 (holding that the allegation in a Civ.R. 60(B) motion merely that the trial court made a mistake "was not a proper basis for relief under Civ.R. 60(B) because it was nothing more than an attempt to substitute the motion for an appeal."); *Sabini v. Thrower* (July 14, 1993),

9th Dist. No. 15930 (stating that "a 'mistake' in the court's application of the law is not the sort of 'mistake' which entitles one to relief under Civ.R. 60(B)(1).").

{¶13} This Court does not here make any determination regarding the trial court's application of what it believed to be the current local court rule regarding motions for summary judgment. Nevertheless, the trial court's failure to comport with a local rule requiring the scheduling of a hearing on a motion for summary judgment would constitute mistake on the part of the trial court rather than a party and, therefore, not the type of "mistake" contemplated by Civ.R. 60(B)(1) to merit relief from judgment. Instead, any such mistake by the trial court would constitute error from which the aggrieved party must appeal. We have repeatedly held that "Civ.R. 60(B) may not be used as a substitute for appeal." *DaimlerChrysler Fin. Servs. N. Am. v. Hursell*, 9th Dist. No. 24815, 2011-Ohio-571, at ¶17, quoting *Doe v. Trumbull Cty. Children Servs. Bd.* (1986), 28 Ohio St.3d 128, 131. Moreover, "[e]rrors that could have been corrected by a timely appeal cannot be the predicate for a motion for relief from judgment." *Hursell* at ¶17, quoting *Murphy-Kesling v. Kesling*, 9th Dist. No. 24176, 2009-Ohio-2560, at ¶15. Caitlin should have properly raised the issue of the trial court's failure to consider her timely filed affidavits in opposition to Mr. Miller's motion for summary judgment based on the court's failure to comply with a local rule requiring the scheduling of a hearing on the motion in a direct appeal from the order granting summary judgment. She could not properly raise that issue in a Civ.R. 60(B) motion based on grounds of mistake. Accordingly, the trial court abused its discretion when it granted her motion for relief from judgment pursuant to Civ.R. 60(B)(1).

{¶14} Mr. Miller's first and second assignments of error are sustained.

### ASSIGNMENT OF ERROR III

"THE TRIAL COURT ABUSED ITS DISCRETION BY RELYING ON AN INCORRECT OR OUTDATED LOCAL RULE."

9

## ASSIGNMENT OF ERROR IV

"THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING A 'MISTAKE' WHEN ANY 'MISTAKE' WAS WAIVED OR INVITED."

## ASSIGNMENT OF ERROR V

"THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING A MOTION FOR RELIEF WITHOUT BOTH FINDING AND EXPLAINING ITS REASONS FOR FINDING A MERITORIOUS CLAIM."

## ASSIGNMENT OF ERROR VI

"THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING A MOTION FOR RELIEF WHERE THE EVIDENCE DID NOT DEMONSTRATE A MERITORIOUS CLAIM."

## ASSIGNMENT OF ERROR VII

"THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING RELIEF WHEN CAITLIN CULGAN'S CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL."

**{¶15}** Because this Court's resolution of the first and second assignments of error is dispositive, we decline to address the remaining assignments of error as they have been rendered moot. See App.R. 12(A)(1)(c).

III.

**{¶16}** Mr. Miller's first and second assignments of error are sustained. We decline to address his remaining assignments of error. The judgment of the Medina County Court of Common Pleas is reversed, and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

---

DONNA J. CARR
FOR THE COURT

MOORE, J.
CONCURS

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY

APPEARANCES:

KURT D. ANDERSON and AUDREY K. BENTZ, Attorneys at Law, for Appellants.

CLIFFORD J. CULGAN, REBECCA CULGAN, and CAITLIN R. CULGAN, pro se, Appellees.