[Cite as *Archer v. Dunton*, 2017-Ohio-8846.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| DEBORAH JANE ARCHER | | C.A. No. 28519 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| STEVEN STEWART DUNTON | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. 1992-09-2167 |

DECISION AND JOURNAL ENTRY

Dated: December 6, 2017

SCHAFER, Judge.

{¶1}   Deborah J. Archer appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, granting Steven S. Dunton's motion for relief from judgment. We reverse in part, and remand this matter for further proceedings.

I.

{¶2}   Ms. Archer and Mr. Dunton divorced on August 16, 1993, pursuant to the judgment entry of divorce issued by the trial court. The divorce decree incorporated the parties' settlement agreement and made the terms and conditions of that settlement agreement an order of the court. Within the divorce decree, the court reserved "the right to modify such [o]rders as is appropriate in the future."

{¶3}   In the separation agreement at Article 11, the parties agreed that Ms. Archer is entitled to one-half of Mr. Dunton's pension through the Police and Fire Pension Fund for the State of Ohio as of the date of the divorce. At the time of the divorce, the parties recognized the

present value of the pension was $58,618.27, and that Ms. Archer's current one-half interest in said pension was $29,309.14. Article 11.2 states "[t]he jurisdiction of the Summit County Court of Common Pleas, Domestic Relations Division, shall be preserved concerning all issues involving division of [Mr. Dunton's] pension."

{¶4} On February 24, 2003, the court entered a division of property order, as approved by Ms. Archer's attorney, which indicated that it had been sent to Mr. Dunton's attorney for approval, but not returned. The division of property order states that the trial court "shall retain jurisdiction to modify, supervise, or enforce the implementation of this order notwithstanding [R.C. 3105.171(I)]". On June 21, 2016, Mr. Dunton filed a motion for relief from judgment pursuant to Civ.R. 60(B)(5), requesting an order vacating the division of property order and an order permitting the submission of an amended order. Ms. Archer opposed the motion to vacate, but filed her own motion to modify the division of property order to permit her participation in Mr. Dunton's Deferred Retirement Option Plan ("DROP") benefits.

{¶5} The trial court issued a judgment entry on January 6, 2017, granting Mr. Dunton's motion to vacate under Civ.R. 60(B)(5). The court vacated the division of property order but did not address Mr. Dunton's request for relief in the form of an order permitting the submission of an amended division of property order. The court did not address Ms. Archer's argument requesting a modified order. Ms. Archer now appeals raising two assignments of error.

II.

**Assignment of Error I**

**The trial court erred by granting Mr. Dunton's motion for relief from judgment.**

{¶6} In her first assignment of error, Ms. Archer contends that the court erred in granting Mr. Dunton's request for relief under Civ.R. 60(B). We agree.

**{¶7}**     Civ.R.60(B), in pertinent part, provides that:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

To prevail on a Civ.R. 60(B) motion to vacate judgment, the movant must demonstrate: (1) a meritorious claim: (2) entitlement to relief under one of the Civ.R. 60(B) provisions; and (3) the timeliness of the motion.  *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.  All three requirements are independent and in the conjunctive, so each must be clearly established to be entitled to relief.  *Id.* at 151. We review a trial court's ruling pursuant to Civ.R. 60(B) for an abuse of discretion.  *J.P. v. T.H.*, 9th Dist. Lorain No. 14CA010715, 2016-Ohio-243, ¶ 22.  An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶8}**     Mr. Dunton filed his motion to vacate pursuant to Civ.R. 60(B)(5) for "any other reason justifying relief from the judgment".   In his motion, Mr. Dunton contends there is "incongruity" between the divorce decree and two features of the division of property order. Specifically, he argues "error" where the division of property order allows for both monthly payments and a single cash distribution, rather than one or the other.  Mr. Dunton claims that this error only recently came to his attention.  Further, he claims there is a "flaw" in the lump sum

amount stated in the order. Mr. Dunton sought to vacate the existing order and be permitted to put on an "amended" division of property order in its place.

{¶9}   In the judgment entry, the court granted the motion under Civ.R. 60(B)(5) and stated "[t]he division of property order filed February 24, 2003 is vacated and held for naught." The trial court found that the division of property order inappropriately modified the provisions of the divorce decree. The court also found that Mr. Dunton "only recently discovered that this division of property order was in place.[1]" The court deemed the motion timely filed under Civ.R. 60(B)(5). In vacating the order, the court made no pronouncement as to the entry of a new or amended division of property order.

{¶10}  An order may be vacated under Civ.R. 60(B)(5) for "any other reason justifying relief from the judgment." It is known as the catch-all provision, and it is only used in extraordinary and unusual cases when the interest of justice necessitates it. *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64 (1983), paragraph one of the syllabus. Civ.R. 60(B)(5) is applicable only where a more specific provision does not apply. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). It may not be used as a substitute when a request for relief under Civ.R. 60(B)(1)-(3) is untimely. *Caruso-Ciresi* at 66.

{¶11}  Ms. Archer contends that Mr. Dunton actually presented a Civ.R. 60(B)(1) motion because he alleges "mistake" as grounds for relief. She maintains that Mr. Dunton characterizes it as a Civ.R. 60(B)(5) motion only because, under Civ.R. 60(B)(1), it would be untimely, having been raised beyond the one-year limit. It is true that Mr. Dunton based his request for relief on mistakes of fact. However, the mistakes alleged—mistakes in the court's judgment entry—are

---

[1] Mr. Dunton actually argued that he only recently became aware of the alleged flaws in the division of property order, but did not contend that he was unaware of the existence of the division of property order.

not the variety intended for consideration under Civ.R. 60(B)(1). "[A] factual or legal mistake on the part of the trial court is not the type of mistake contemplated by Civ.R. 60(B)(1)." *Culgan v. Miller*, 9th Dist. Medina No. 10CA0074-M, 2011-Ohio-6194, ¶ 12. Relief from a mistake in the trial court's entry of judgment must be pursued via appeal, and Civ.R. 60(B) cannot be used as a substitute for appeal. *Id*. at ¶ 13, citing *DaimlerChrysler Fin. Servs. N. Am. LLC v. Hursell*, 9th Dist. Summit No. 24815, 2011-Ohio-571, at ¶ 17. Therefore, the mistakes Mr. Dunton alleged do not present grounds for relief under *any* of the provisions of Civ.R. 60(B), Civ.R. 60(B)(5) included.

{¶12} In his brief to this Court, Mr. Dunton attempts to characterize the alleged mistakes as "non-conformity" between the divorce decree and the division of property order, which renders the order void ab initio. This argument differs significantly from the grounds stated in his motion to vacate, wherein Mr. Dunton never raised the issue of a void judgment. Though the issue of "void versus voidable" appears to have been discussed briefly in some of the parties' subsequent filings with the trial court, the court did not address that issue. Irrespective of Mr. Dunton's argument, a "void" judgment entry does not entitle a party to relief under Civ.R. 60(B)(5), because "[a] judgment rendered without proper jurisdiction over the action or the defendant is void rather than voidable. *Patton v. Diemer,* 35 Ohio St.3d 68, 70 (1988). If the judgment is void, the trial court has the inherent power to vacate the judgment and a party need not seek relief under Civ.R. 60(B). *Id.*

{¶13} Mr. Dunton urges that, because a trial court is without jurisdiction to modify a marital property decree, a contrary or conflicting division of property order is rendered void. We acknowledge that a court lacks the jurisdiction to modify the terms of a separation agreement incorporated into a divorce decree. *Kalbaugh v. Kalbaugh*, 9th Dist. Summit No. 28282, 2017-

Ohio-4272, ¶ 5, citing *Bond v. Bond*, 69 Ohio App.3d 225, 227 (9th Dist.1990). However, Mr. Dunton's argument confuses a court's lack of general jurisdiction with a court's lack of subject matter jurisdiction. "General jurisdiction" refers to the court's ability to exercise authority in a particular case, while the "subject matter jurisdiction" goes to the power of the court to adjudicate the merits of the case. *Id*. at ¶ 7-8, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11. Improper exercise of jurisdiction results in a voidable judgment, but lack of subject matter jurisdiction results in a judgment that is void. *Id*. at ¶ 8. A voidable decision becomes valid and binding if not challenged by a timely appeal. *Id*. at ¶ 9, citing *Thomas v. Fick*, 9th Dist. Summit No. 19595, 2000 Ohio App. LEXIS 2368, at *7 (June 7, 2000).

{¶14} Mr. Dunton has not suggested that the trial court lacked subject matter jurisdiction. Mr. Dunton's position is that the court improperly exercised its jurisdiction by entering a division of property order that impermissibly modified the terms of the divorce decree. Even assuming the trial court did improperly exercise its jurisdiction, it would merely render the division of property order *voidable* and subject to appeal, but the order would not be *void*, as Mr. Dunton suggests. In any event, Mr. Dunton has not alleged facts or argument to satisfy any of the Civ.R. 60(B) grounds. Here, he presented a motion to vacate the order approximately thirteen years after the order was entered and after the parties began receiving retirement benefits. Though Mr. Dunton claims that he only recently became aware of the flaws in the order, he does not aver that he was precluded in any way from discovering these issues when the order was entered.

{¶15} This Court concludes that Mr. Dunton did not demonstrate any grounds to show that he was entitled to relief under Civ.R. 60(B)(5), or any other provision of Civ.R. 60(B). Therefore, we conclude that the trial court abused its discretion in finding that Mr. Dunton

satisfied Civ.R. 60(B)(5), and arbitrarily determined that he presented a timely motion. Although the trial court unambiguously retained jurisdiction to modify the division of property order, the trial court abused its discretion by simply vacating the division of property order.

{¶16} Ms. Archer's first assignment of error is sustained.

### Assignment of Error II

**The trial court erred by denying Ms. Archer's motion to modify the division of property order.**

{¶17} In her second assignment of error, Ms. Archer contends the trial court erred when it failed to consider her motion to modify the division of property order to allow her to participate in the DROP benefits Mr. Dunton elected to receive. Mr. Dunton claims that Ms. Archer actually "asks this Court to allow a modification of the *Decree of Divorce* to award a share of retirement benefits" through the DROP. Ms. Archer reasons that, because the trial court "made no mention" of the motion to modify the division of property order, it was deemed denied. In her brief to this Court Ms. Archer contends that "when the trial court enters judgment 'without expressly determining a pending motion, the motion impliedly is denied.'" *Polivka v. Cox*, 10th Dist. Franklin No. 02AP-1364, 2003-Ohio-4371, ¶ 23 (referring to the granting of a motion for summary judgment without first ruling on a pending motion to compel). However, Ms. Archer's argument is misplaced because the principle upon which she relies is inapplicable to the facts in this case.

{¶18} There is no indication in the record that the court considered Ms. Archer's motion, which would appear to be moot in light of the court's decision to vacate the division of property order. Further, although the trial court's judgment entry purportedly vacated the division of property order, the court did not take the next step to enter an amended division of property order. The trial court has yet to consider Ms. Archer's motion to modify the division of

the property order, and this Court declines to do so in the first instance. *See Catalanotto v. Byrd*, 9th Dist. Summit No. 27824, 2016-Ohio-2815, ¶ 12. Moreover, this Court's decision as to the first assignment of error puts the entire matter back before the trial court, so the issues raised in this second assignment of error are not ripe for our review.

{¶19} For the reasons set forth above, Ms. Archer's second assignment of error is overruled.

III.

{¶20} Ms. Archer's first assignment of error is sustained, and her second assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed and the matter is remanded for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JANE TIMONERE, Attorney at Law, for Appellant.

J. ANTHONY TERILLA, Attorney at Law, for Appellee.