OPINION
{¶ 1} Plaintiff-appellant, Timothy McGuire, appeals (1) the decision of the Warren County Juvenile Court denying him Civ.R. 60(B) relief from a judgment dismissing his paternity complaint, and (2) the summary judgment decision of the Warren County Probate Court that his consent to an adoption is not required, and that he does not have standing to participate in an adoption hearing.[1]
 {¶ 2} The facts and legal proceedings leading to this appeal arise from overlapping cases involving a minor child, A.N.L., in both the Warren County Juvenile and Probate Courts. Accordingly, the facts and procedural history in both courts necessarily follows.
 {¶ 3} Appellant and defendant-appellee, Lori Lindberg (here-inafter "Lori"), were in a relationship together. During the relationship, Lori became pregnant, and on December 3, 1999, A.N.L. was born. On November 12, 2002, appellant, seeking a legal parent-child relationship with A.N.L., filed a complaint in the Warren County Juvenile Court to establish paternity, set child support, and establish parenting time. In his complaint, appellant admitted that he is the natural father of A.N.L. On December 9, 2002, Lori filed an answer to appellant's complaint. In her response, she acknowledged that appellant is A.N.L.'s natural father.
 {¶ 4} On January 10, 2003, the juvenile court magistrate presiding over the case approved an agreed order for genetic testing. On June 11, 2003, pursuant to a discussion between the parties and the court, the magistrate journalized an entry noting that the court would expect an agreed entry as to all issues within three weeks. The expected agreed entry was never presented to the court.
 {¶ 5} On July 18, 2003, the juvenile court, by order of the magistrate, noted that the case would be dismissed for want of prosecution in 30 days. On December 5, 2003, appellant's counsel filed a motion to withdraw. Counsel stated in the motion that it was difficult to continue representing his client because appellant was not taking an active role in the case. On December 18, 2003, Lori moved to dismiss the paternity action for want of prosecution. In her motion, she stated:
 {¶ 6} "[Appellant] has yet to commence the counseling agreed to and ordered, in order to establish contact with the parties' minor child. * * * [Appellant] has yet to verify income necessary to establish a child support amount. [Appellant] has never paid any child support for said child."
 {¶ 7} On January 14, 2004, the magistrate conducted a hearing, and on January 23, 2004, the juvenile court journalized an entry granting the motion of counsel for appellant to withdraw and the motion to dismiss. No objection or appeal was taken from the entry of dismissal.
 {¶ 8} Following the dismissal of appellant's complaint to establish paternity, the legal action surrounding A.N.L. moved from the juvenile court to the probate court. On February 11, 2004, appellee Chris Lindberg, the husband of Lori and the step-father of A.N.L., filed a petition in the Warren County Probate Court to adopt A.N.L. The petition stated that appellant's consent to the adoption was not required because he failed without justifiable cause to communicate with A.N.L. for a period of at least one year immediately preceding the filing of the adoption petition.
 {¶ 9} Following Chris Lindberg's filing of the adoption petition in probate court, the legal proceedings surrounding A.N.L. returned once again to the juvenile court. Although appellant's paternity action had been dismissed on January 23, 2004, a post-dismissal entry was journalized in the case on April 22, 2004, establishing appellant as the father of A.N.L.
 {¶ 10} The entry was not, however, submitted or signed by either of the parties. Rather, the entry was journalized after it was submitted by legal counsel for the Warren County Child Support Enforcement Agency. The submitted entry included a genetic test result indicating a 99.9 percent probability that appellant is A.N.L.'s natural father.
 {¶ 11} While the post-dismissal entry establishing appellant as the father of A.N.L. caused a revival of the paternity proceedings in juvenile court, appellant also received notice of the adoption petition filed by Chris Lindberg in probate court. In response to the adoption petition, appellant filed an objection. In the objection, filed on May 5, 2004, appellant denied that he failed to maintain contact with A.N.L within the year preceding the adoption petition.
 {¶ 12} While opposing the adoption of A.N.L. in probate court, appellant also, by way of a motion in juvenile court filed on June 4, 2004, once again sought to establish child support and parenting time with A.N.L.
 {¶ 13} In response to appellant's objections to the adoption petition in probate court, Chris Lindberg filed an amended adoption petition on June 30, 2004, alleging that appellant's consent to the adoption was not required because he was a putative father who failed to register with the putative father registry pursuant to R.C. 3107.062.
 {¶ 14} Appellee Lori also responded to appellant's second attempt to establish parenting time and child support in juvenile court. On July 14, 2004, she moved to vacate the April 22, 2004 entry establishing appellant as the father of A.N.L. for the reason that the entry was issued subsequent to the January 23, 2004 dismissal of appellant's paternity action.
 {¶ 15} On August 16, 2004, the juvenile court entered a judgment vacating the entry establishing a parent-child relationship between appellant and A.N.L. The court reasoned that once the paternity action was dismissed on January 23, 2004, the court lost jurisdiction in the case. Consequently, the court found, any entry journalized subsequent to the dismissal was void.
 {¶ 16} On October 21, 2004, following the juvenile court's decision to vacate its entry establishing appellant as the father of A.N.L., the probate court entered summary judgment against appellant in the adoption proceedings. In its written decision, the probate court found that appellant's consent to the adoption of A.N.L. is not necessary because he is a putative father who failed to register with Ohio's putative father registry. The court also found that appellant does not have standing to participate in any of the adoption proceedings, including the best interest hearing.
 {¶ 17} On January 5, 2005, appellant filed a Civ.R. 60(B) motion in juvenile court to set aside the court's January 23, 2004 judgment entry dismissing his complaint to establish paternity, child support, and parenting time. On March 15, 2005, the juvenile court denied the motion.
 {¶ 18} Appellant's appeal of the probate court's October 21, 2004 decision finding that his consent to the adoption of A.N.L. is not required and that he does not have standing to participate in the adoption proceedings is currently before this court. Appellant's appeal of the juvenile court's decision denying him Civ.R. 60(B) relief from the January 23, 2004 judgment dismissing his paternity action is also before this court. Because both appeals have arisen out of the same set of factual circumstances and involve the same parties, they have been consolidated.
 {¶ 19} On appeal, appellant raises three assignments of error.
 {¶ 20} Assignment of Error No. 1:
 {¶ 21} "THE WARREN COUNTY JUVENILE COURT ERRED FAILING TO GRANT APPELLANT McGUIRE'S CIV.R. 60(B) MOTION WHERE THE JUVENILE COURT HAD PREVIOUSLY ERRED IN DISMISSING APPELLANT McGUIRE'S PATERNITY COMPLAINT WITHOUT ENTERING JUDGMENT THAT A PARENT AND CHILD RELATIONSHIP EXISTS BETWEEN APPELLANT AND [A.N.L]."
 {¶ 22} In seeking relief from the judgment dismissing his paternity action in the juvenile court, appellant relied upon Civ.R. 60(B)(1) and (5), which provide: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding * * * for: (1) mistake, inadvertence, surprise or excusable neglect, * * * or (5) any other reason justifying relief from the judgment."
 {¶ 23} To prevail on a motion to set aside a judgment under Civ.R. 60(B), the moving party must establish all three of the following: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." GTEAutomotive Electric, Inc., v. Arc Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 24} On review of a trial court's decision to grant or deny relief under Civ.R. 60(B), an appellate court will not reverse absent an abuse of discretion. Goode v. Goode (1993),89 Ohio App.3d 405, 409.
 {¶ 25} We first address appellant's argument that the judgment should have been set aside under Civ.R. 60(B)(1) for "mistake, inadvertence, surprise or excusable neglect."
 {¶ 26} Appellant contends under Civ.R. 60(B)(1) that the juvenile court made a mistake in failing to enter a judgment establishing a parent-child relationship between he and A.N.L. Relief from judgment under Civ.R. 60(B)(1) cannot, however, be predicated upon a mistake by the court. Chester Township v.Fraternal Order of Police (1995), 102 Ohio App.3d 404, 408. The proper remedy for a mistake made by the court is a direct appeal. Id. Consequently, appellant's contention that he should have been granted relief from judgment under Civ.R. 60(B)(1) is not well-taken.
 {¶ 27} Civ.R. 60(B)(5) is a catch-all provision "reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment * * *." Caruso-Ciresi, Inc. v. Lohman
(1983), 5 Ohio St.3d 64, paragraph one of the syllabus. "The grounds for invoking Civ.R. 60(B)(5) should be substantial." Id. at paragraph two of the syllabus.
 {¶ 28} With respect to Civ.R. 60(B)(5), appellant argues that once appellee Lori Lindberg admitted in her answer that appellant was A.N.L.'s father, the juvenile court had a duty to prepare and journalize an entry establishing a parent-child relationship with A.N.L. The court's failure to fulfill that duty, appellant contends, caused the probate court to determine that he is a putative father whose consent to A.N.L.'s adoption is not necessary.
 {¶ 29} In support, appellant cites to R.C. 3111.08(B), which states: "If an action is brought against a person to declare the existence or nonexistence of the father and child relationship between that person and a child and the person in his answer admits the existence or nonexistence of the father and child relationship as alleged in the action, the court shall enterjudgment in accordance with R.C. 3111.13 of the Revised Code." (Emphasis added.)
 {¶ 30} R.C. 3111.13 provides: "* * * the judgment or order may contain, at the request of a party * * * any other provision directed against the appropriate party to the proceeding, concerning the duty of support, * * * or any other matter concerning the best interest of the child."
 {¶ 31} Appellant argues that while R.C. 3111.13 permits a court to include other matters in an entry establishing a father-child relationship, the court is not required to do so. Moreover, appellant contends, when the existence of a father-child relationship is admitted in the pleadings, a court has a duty to prepare and journalize a separate entry establishing that fact.
 {¶ 32} Supporting his argument from the record, appellant brings our attention to the fact that the juvenile court did enter a judgment establishing paternity without any orders concerning child support and parenting time. The court made such an entry when it was requested to do so by the legal counsel for the Child Support Enforcement Agency after appellant's paternity suit was dismissed. Similarly, appellant contends, based upon the admissions in the pleadings, the court should have sua sponte entered a judgment establishing a parent-child relationship before entering a judgment dismissing his paternity action.
 {¶ 33} To begin, appellant's reliance on the CSEA entry in support of his argument overlooks the fact that the order entered at the request of CSEA was submitted by CSEA. At no time preceding the dismissal of his paternity action did appellant submit or request the court to journalize a separate entry establishing a parent-child relationship. To the contrary, appellant led the court to believe an entry settling all issues in the case would be prepared for the court by the parties, then vanished from the proceedings.
 {¶ 34} Furthermore, appellant's assertion that the court alone is responsible for the preparation of judgment entries is incorrect. R.C. 3111.08(A) states that paternity actions brought pursuant to R.C 3111.01 to 3111.18 are civil actions that "shall be governed by the Rules of Civil Procedure unless a different procedure is specifically provided by those sections." Sections3111.01 through 3111.18 do not provide a procedure for the preparation of judgment entries. Thus, we look to the Rules of Civil Procedure.
 {¶ 35} Civ.R. 58 governs the preparation and entry of a judgment and states that "upon a general verdict of a jury [or] upon a decision announced * * * the court shall promptly cause
the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal. A judgment is effective only when entered by the clerk upon the journal." (Emphasis added.)
 {¶ 36} In addition, Warren County Loc.R. 2.06 states: "After the Court has announced its decision on any matter requiring an entry, order or decree, counsel for the prevailing party shallprepare the appropriate entry * * *." (Emphasis added.) The local rule continues: "Nothing in this rule precludes the trial judge from preparing and filing his own entry at any time." Loc.R. 2.06(D).
 {¶ 37} Read together, the foregoing rules indicate that a court may prepare its own entries, delegate the preparation of its entries, or even order one of the parties to prepare a judgment entry. Thus, while a court ultimately determines which judgments it will sign and enter upon its journal, the responsibility for the preparation of those entries can, and often does, lie with the parties to the lawsuit.
 {¶ 38} In sum, appellant's argument that the juvenile court abused its discretion in overruling his Civ.R. 60(B) motion appears to be an attempt to assign fault to the court for his own irresponsibility and lack of diligence. Accordingly, it is not well-taken. The first assignment of error is overruled.
 {¶ 39} Assignment of Error No. 2:
 {¶ 40} "THE WARREN COUNTY PROBATE COURT ERRED WHEN IT HELD THAT (1) APPELLANT McGUIRE WAS A `PUTATIVE FATHER' PURSUANT TO R.C. § 3107.01 REQUIRED TO REGISTER WITH OHIO'S PUTATIVE FATHER REGISTRY IN ORDER TO OBJECT TO THE ADOPTION OF [A.N.L.]; AND (2) THAT APPELLANT IS NOT A `FATHER' ENTITLED TO OBJECT TO THE ADOPTION PURSUANT TO R.C. § 3107.06."
 {¶ 41} In his second assignment of error, appellant contends the probate court erred in granting summary judgment on the basis that he is a putative father whose consent to the adoption of a child is not required.
 {¶ 42} Summary judgment is appropriate when: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence, when viewed most strongly in favor of the nonmoving party, that reasonable minds can come to a conclusion only in favor of the moving party. Bostic v. Connor
(1988), 37 Ohio St.3d 144, 146. Our review of the probate court's summary judgment decision is de novo. See Grafton v. Ohio EdisonCo., 77 Ohio St.3d 102, 105, 1996-Ohio-336.
 {¶ 43} For purposes of adoption, a putative father is a man who may be a child's father and to whom all of the following apply: (1) he is not married to the child's mother at the time of the child's conception or birth; (2) he has not adopted the child; (3) he has not been determined in a court proceeding, prior to the date a petition to adopt the child is filed, to have a legal parent and child relationship with the child; and (4) he has not completed the procedures for acknowledging paternity of the child before a child support enforcement agency. See R.C.3107.01(H).
 {¶ 44} Requirements (1), (2), and (4) are not at issue in this case. It is undisputed that appellant was not married to Lori Lindberg at the time of A.N.L.'s conception or birth. It is also undisputed that appellant has not adopted A.N.L. Finally, nothing in the record indicates appellant completed the procedures required for acknowledging paternity before a child support enforcement agency.
 {¶ 45} Thus, the issue of whether the probate court properly classified appellant as a putative father turns upon whether appellant was determined to have a parent-child relationship with A.N.L. in a court proceeding prior to the date Chris Lindberg filed a petition to adopt A.N.L. If appellant has not been determined to have a parent-child relationship with A.N.L. through court proceedings, then, for adoption purposes, he is a putative father.
 {¶ 46} Appellant began a paternity action in juvenile court to establish a legal parent-child relationship with A.N.L. when he filed a complaint on November 12, 2002. As discussed above, however, appellant failed to see those proceedings through to their completion, and the action was eventually dismissed for failure to prosecute on January 23, 2004. Consequently, we find that appellant has failed to establish a legal parent-child relationship with A.N.L.
 {¶ 47} As appellant meets all four of the requirements set forth in R.C. 3107.01(H), we conclude the probate court properly determined that appellant's status is that of a putative father.
 {¶ 48} R.C. 3107.07(B) provides that a putative father's consent to the adoption of a child is not necessary if the putative father fails to register as the minor's putative father with Ohio's putative father registry not later than 30 days after the minor's birth. It is undisputed that appellant did not register with the putative father registry. Accordingly, the probate court correctly determined that appellant's consent to the adoption of A.N.L. is not necessary.
 {¶ 49} Appellant contends that his consent to the adoption is required because the right to raise one's child is one of the most fundamental in law, deserving every procedural safeguard.
 {¶ 50} We recognize that the right of a natural parent to the care and custody of his child is one of the most precious and fundamental in law. Santosky v. Kramer (1982), 455 U.S. 745,753, 102 S.Ct. 1388, 1394; In re Adoption of Masa (1986),23 Ohio St.3d 163, 165. However, that right must be balanced against the state's interest in protecting the welfare of children. SeeIn re adoption of Zschach (1996), 75 Ohio St.3d 648, 651. Ultimately, the goal of adoption statutes is the best interest of the child, and that goal is best accomplished by providing them with a permanent and stable home. See In re Adoption ofRidenour (1991), 61 Ohio St.3d 319.
 {¶ 51} Furthermore, the conclusion that appellant's consent to A.N.L.'s adoption is not necessary does not result from a lack of procedural safeguards, but from appellant's failure to responsibly carry out the legal duties and obligations of a father. He could have registered with the putative father registry in accordance with R.C. 3107.062. He did not. He also could have followed through on his suit to establish paternity pursuant to R.C. Chapter 3111. Again, he did not.
 {¶ 52} The right to a legal parent-child relationship carries with it attendant obligations and duties. See R.C. 3111.01(A); and when a putative father fails to comply with, or complete, procedures designed to protect that right, courts lack "any indication of the putative father's full commitment to the responsibilities of parenthood." Zschach, 75 Ohio St.3d at 651. Consequently, appellant's second assignment of error is overruled.
 {¶ 53} Assignment of Error No. 3:
 {¶ 54} "THE WARREN COUNTY PROBATE COURT ERRED WHEN IT HELD THAT APPELLANT McGUIRE DOES NOT HAVE STANDING TO PARTICIPATE IN THE HEARING TO DETERMINE IF ADOPTION IS IN [A.N.L.'S] BEST INTEREST."
 {¶ 55} In his third assignment of error, appellant argues the probate court erred in finding that he does not have the right to participate in the hearing to determine if an adoption is in the best interest of A.N.L.
 {¶ 56} R.C. 3107.07 and R.C. 3107.11 expressly state that a court "shall not" give notice of an adoption hearing to a minor's putative father who has failed to properly register with the putative father registry.
 {¶ 57} As noted under assignment of error number two above, the Ohio Supreme Court has held that putative fathers who fail to comply with the appropriate procedures for objecting to an adoption demonstrate a lack of commitment to the responsibilities of parenthood. Zschach, 75 Ohio St.3d at 651. In such instances, the state should not be required to listen to their opinion of what is in the child's best interest. Id. Accordingly, appellant's third and final assignment of error is overruled.
 {¶ 58} To the extent appellant has raised other various issues on appeal, we have considered them, and find them to be without merit.
 {¶ 59} Judgment affirmed.
WALSH, P.J., concurs.
HENDRICKSON, J., dissents.
[1] We have sua sponte removed this case from the accelerated calendar.