[Cite as *Bank of New York v. Roether*, 2012-Ohio-1465.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
ALLEN COUNTY

BANK OF NEW YORK AS TRUSTEE,

    PLAINTIFF-APPELLEE,

    v.                              CASE NO.  1-11-56

PATRICK ROETHER,

    DEFENDANT-APPELLANT,
    -and-                          O P I N I O N

BRANDI ROETHER, ET AL.,

    DEFENDANTS-APPELLEES.

Appeal from Allen County Common Pleas Court
Trial Court No. CV20080982

Judgment Affirmed

Date of Decision:   April 2, 2012

APPEARANCES:

    *Patrick Allen Roether*,  Appellant

    *Matthew C. Steele*  for Appellee, Bank of New York as Trustee

Case No. 1-11-56

**WILLAMOWSKI, J**.

{¶1} Defendant-Appellant, Patrick A. Roether (hereinafter, "Appellant"), pro se, appeals the judgment of the Allen County Court of Common Pleas denying the motion to cancel the sheriff's sale and void the default judgment that was granted in favor of Plaintiff-Appellee, The Bank of New York, as Trustee ("the Bank"), in its foreclosure action against Appellant in 2008.[1] On appeal, Appellant contends that the trial court erred in denying his motion because of fraud and numerous irregularities committed by the Bank. For the reasons set forth below, the judgment is affirmed.

{¶2} On June 23, 2008, the Bank commenced a foreclosure action against Appellant. The Bank maintains that it is the holder of a promissory note (the "Note") executed on August 16, 2006 by Appellant in the original principal amount of $188,700, plus interest, and secured by a mortgage granted by Appellant upon the real property known as 7968 Sugar Creek Road, Lima, Ohio (the "Mortgage"). The Bank stated that Appellant went into default on the payment obligations under the Note and mortgage on or about October 1, 2007, and it commenced a foreclosure action thereafter.

---

[1] The original complaint was filed June 23, 2008 by The Bank of New York as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2006-14 c/o Countrywide Home Loan Servicing, LP, versus Patrick Roether aka Patrick A. Roether, Brandi Roether, and State of Ohio Department of Taxation.

{¶3} The record shows that Appellant was personally served with a copy of the Bank's Complaint and Summons on June 23, 2008, by a private process server. However, Appellant failed to answer or otherwise respond as required by Civ.R. 12 and the Bank subsequently moved for default judgment pursuant to Civ.R. 55. The trial court entered a Judgment Entry and Decree of Foreclosure on behalf of the Bank on September 15, 2008 (the "Judgment").

{¶4} On August 8, 2011, nearly three years after the Judgment was final, Appellant filed a "Motion to Cancel Sheriff Sale," asserting numerous reasons in the nearly fifty-page motion why the trial court should "void the Judgment and cancel the order of sale and strike the lien instrument." Appellant claimed that the Bank's actions were fraudulent and alleged numerous irregularities pertaining to the Bank's allegedly fraudulent proceedings, including but not limited to: forgery; failure to provide original "Wet Ink Signature" documents; the Bank's lack of standing and that it was not the real party in interest; unlawful transfer; fraud pertaining to the securitization of the loan; improper "robo-signing" of documents; failure to notify the homeowner as to the transfer of the loan; improper assignment of mortgage loan by MERS; the note having been transformed into Certificates and Bonds through the securitization process and sold to unnamed investors; illegal charges having been added to the balance owed; and, that the mortgage and note had been improperly bifurcated.

{¶5} The Bank filed a brief in opposition and, after due consideration, the trial court issued its decision on September 8, 2011, denying Appellant's motion to vacate the default judgment. The trial court determined that Appellant's motion was requesting relief from the default judgment pursuant to Civ.R. 60(B) on the grounds of fraud. However, the trial court found that Appellant's motion did not meet the mandatory requirements for relief from judgment because the motion was untimely and it failed to present proper evidentiary materials of operative facts that would constitute a meritorious defense.

{¶6} Appellant timely appeals this decision, raising several assignments of error, which are summarized below.

**A)   The trial court erred in permitting non-original, illegally manufactured documents to be filed as subject matter and permitted the Bank to succeed with false affidavits.**

**B)   The trial court erred in not requiring proof of employment from endorsers of Mortgage and Note to prove authority to endorse assignments.**

**C)   The trial court erred by proceeding without subject matter (the original note)**

**D)   The trial court erred in siding with the Bank without even looking at the facts in Appellant's Motion.**

**E)   The trial court erred in permitting the Bank more than fourteen days to respond to Appellant's Motion .**

**F)   The trial court erred in filing the Judgment Entry before Appellant received a copy of the Bank's brief in opposition.**

**{¶7}** In his original Motion and in his Appeal, Appellant has raised multiple issues that he submits are relevant to his mortgage and foreclosure situation. These are issues that Appellant could have, and should have, raised in response to the Bank's original foreclosure action in 2008, either in an answer to the Bank's Complaint, and/or as a counterclaim. However, Appellant did not do so at that time, and the trial court granted a default judgment against Appellant.

**{¶8}** Now, several years later, Appellant has belatedly submitted his briefs and arguments and is attempting to "reopen" the case, which had already been decided in favor of the Bank. However, before the trial court was permitted to look at the substance and merits of Appellant's arguments, it was required to follow the law to determine whether or not Appellant was entitled to relief from the judgment previously rendered.

**{¶9}** In order to prevail on his Civ.R. 60(B) motion for relief from judgment, Appellant was required to demonstrate that (1) he had a meritorious defense; (2) that his motion was timely; *and*, (3) that he was entitled to relief on one of the five grounds stated in the rule. *Buckeye Fed. S. & L. Assn. v. Guirlinger*, 62 Ohio St.3d 312, 317 (1991), citing to *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150 (1976). Because *all three* conditions must apply, the failure to meet any one requirement precludes the trial

court from granting relief from judgment and giving any further consideration to any of the issues involved in the case.

{¶10} The Ohio Rules of Civil Procedure, specifically Civ.R. 60(B), set forth the parameters for relief from judgment:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) *fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party*; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. *The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.* A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

(Emphasis added.)  Civ.R. 60(B)

{¶11} Appellant's claims against the Bank allege various types of fraud, so Civ.R. 60(B)(3) is applicable, requiring Appellant to file his Motion within one year of the final judgment.  In this case, that would have been by September 15, 2009.  In its judgment entry, the trial court stated:

> First, defendant did not file his motion in a timely manner. Defendant's motion was filed nearly *three years* after the default judgment was entered.

(Sept. 8, 2011 J.E., p. 3)

{¶12} Appellant did not meet that time requirement. Therefore, the trial court had no legal authority to consider any of the other arguments set forth by Appellant, irrespective of any merit they may have.

{¶13} In a review of a trial court's denial of a relief from judgment Civ.R. 60(B) determination, a reviewing court of appeals must determine whether the trial court abused its discretion. *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, ¶ 7; *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 153 (1997). A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound. *See State v. Boles*, 2d Dist. No. 23037, 2010–Ohio–278, ¶ 17–18, citing Black's Law Dictionary (8 Ed.Rev.2004) 11; *Bruce v. Bruce*, 3d Dist. No. 9-10-57, 2012-Ohio-45, ¶ 13. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶14} In this Court's review of the judgment below, we find that the trial court correctly applied the law and determined that it could not provide relief from judgment because Appellant's motion was untimely. Therefore, the trial court's decision was not an abuse of discretion. At oral arguments, Appellant himself acknowledged that his motion did not comply with the time-limitations mandated

by the Rules. Therefore, the trial court's decision must be affirmed and Appellant's assignments of error are overruled.

**{¶15}** Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, P.J. and ROGERS, J., concur.**

**/jlr**