[Cite as *Bish Constr. v. Wickham*, 2013-Ohio-421.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

BISH CONSTRUCTION, INC.,

    PLAINTIFF-APPELLEE,

    v.                             CASE NO.  13-12-16

JASON S. WICKHAM, ET AL.,

    DEFENDANTS-APPELLANTS,
    -and-

STATE OF OHIO DEPARTMENT            O P I N I O N
OF TAXATION, ET AL.,

    DEFENDANTS-APPELLEES.

Appeal from Seneca County Common Pleas Court
Trial Court No. 08-CV-0069

Judgment Affirmed

Date of Decision:   February 11, 2013

APPEARANCES:

    *Grace M. Doberdruk* for Appellants

    *Gregory A. Stout*  for Appellee, Bish Construction, Inc.

**WILLAMOWSKI, J**.

{¶1} Defendants-Appellants, Jason and Victoria Wickham ("the Wickhams"), appeal the judgment of the Seneca County Court of Common Pleas denying their Civ.R. 60(B) motion for relief from judgment concerning the consent judgment entry and decree of foreclosure on their property. On appeal, the Wickhams contend that the trial court should have granted their 60(B)(5) motion because a fraud had been perpetrated on the court. For the reasons set forth below, the judgment is affirmed.

{¶2} In September of 2004, the Wickhams signed a Note for $152,983, secured by a mortgage (the "Mortgage") granted by the Wickhams to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender, Full Spectrum Lending, Inc. The Mortgage was a valid first lien upon the real property at 2727 W US Highway 224, Tiffin, Ohio. The Mortgage was recorded in Seneca County, and was later assigned to the Bank of New York (hereinafter "BONY") via an "Assignment of Mortgage" executed on July 18, 2008 and recorded on July 30, 2008, at Instrument No. 200800132510 of the Seneca County, Ohio records.

{¶3} On January 31, 2008, Bish Construction, Inc., filed a foreclosure complaint against the Wickhams based upon a mechanic's lien. Also named as defendants were Full Spectrum Lending, MERS, the Ohio Department of Taxation, and the Seneca County Treasurer.

**{¶4}** On July 30, 2008, BONY filed an amended answer and cross-claim. BONY filed as Trustee for the Certificate holders CWABS, Inc., Asset-Backed Certificates, Series 2004-10 as successor by assignment to MERS. BONY asserted that the Wickhams had been in default since October 2007. BONY sought to have the Mortgage foreclosed and the property sold at sheriff's sale.

**{¶5}** Plaintiff Bish Construction's complaint with the Wickhams was resolved by a consent journal entry of judgment in September 2008, and Bish Construction was dismissed from the foreclosure action and is not a party to this appeal. The issues relevant to this appeal pertain to the cross-claim between BONY and the Wickhams.

**{¶6}** Thereafter, the Wickhams, who were represented by counsel, entered into a Consent Judgment Entry and Decree of Foreclosure (the "Consent Judgment") with BONY, which was filed on January 21, 2009. The Consent Judgment stated:

> By agreement of the parties, Defendant Bank of New York as Trustee for the Certificate holders CWABS, Inc. Asset-Backed Certificates, Series 2004-10 as successor by assignment to [MERS] acting solely as nominee for Full Spectrum Lending, Inc. is entitled to a Judgment and Decree on its Cross-claim.

The Consent Judgment further provided BONY would agree to not execute on the Consent Judgment for sixty days, for the purposes of circulating an updated loan modification agreement, with terms previously negotiated.

{¶7} Eight days later, on January 29, 2009, the Wickhams filed for Chapter 7 Bankruptcy and the trial court stayed the proceedings, due to the bankruptcy proceedings. On May 22, 2009, the Wickhams received a discharge of their obligations, thereby extinguishing their personal liability for any potential deficiency balance.

{¶8} On August 26, 2011, BONY filed a Motion to Reactivate the case in order to proceed with execution of its judgment and the court granted this motion on August 29, 2011. The property was scheduled to be sold at sheriff's sale on December 18, 2011. Prior to the sale, the Wickhams, through new counsel, filed a Civ.R. 60(B)(5) motion to vacate and a Civ.R. 12(B)(1) motion to dismiss. Briefs were filed and on January 4, 2012, the trial court held a hearing on the Wickham's motions.

{¶9} The Wickhams asserted that BONY perpetrated a fraud upon the court because the cross-claim was defective. The Wickhams claimed that BONY "failed to attach an assignment of mortgage and a note with an indorsement in accordance with Ohio Civil Rule 10(D) * * *." (12/7/11 Mtn., R-63) Although BONY *did* attach an "Assignment of Mortgage," the Wickhams claimed that it was signed by a "robo-signer" and they also contend that the transfer to the trust was not in compliance with the controlling "Pooling and Service Agreement" and was not valid. Therefore, they maintain that BONY didn't own the note at the

time of the filing of the cross-claim and lacked standing to bring its complaint and obtain a valid judgment.

{¶10} BONY opposed the motion to vacate judgment, claiming (1) their motion was barred under the doctrine of res judicata, because the issues they raised were all resolved through the consent judgment; (2) the motion is untimely under Civ.R. 60(B); and, (3) the Wickhams have not established a meritorious defense or claim. BONY claimed that the Wickhams failed to assert a meritorious defense because they provided no evidence whatsoever in support of their motion and merely made conclusory statements that were not supported. BONY also claims the Wickhams are estopped from raising the "real party in interest" defense because it was previously waived and that they lack standing to challenge the transfer of the Note and Assignment of Mortgage documents.

{¶11} On February 15, 2012, the trial court denied the Wickham's Civ.R. 60(B)(5) motion to vacate and Civ.R. 12(B)(1) motion to dismiss. The trial court acknowledged that "a party who failed to establish itself as a real party in interest lacks standing to invoke the jurisdiction of the court." (2/15/12 J.E.) However, the trial court found that "BONY established itself as a real party in interest when it attached a copy of the note and mortgage to its Amended Answer and Cross-Claim filed July 30, 2008." *Id.* The trial court also found that BONY

demonstrated that it possessed the rights of a holder through its possession of the Note and the Assignment of Mortgage.

{¶12} It is from this judgment that the Wickhams now appeal, raising the following assignment of error for our review.

### Assignment of Error

**The trial court erred by denying [the Wickhams'] 60(B)(5) motion to vacate when a fraud had been perpetrated on the court.**

{¶13} The Wickhams contend that the assignment of mortgage prepared by BONY's counsel and the judgment entry are both frauds upon the court because they give the false impression to the court that BONY, as trustee, obtained ownership of the Wickhams' loan. They claim that their motion was timely because they allegedly "only recently learned" of the "robo-signer status" of the signer of the assignment documentation.

{¶14} Civil Rule 60(B) provides the means that a party may obtain relief from judgment under certain specified circumstances.

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
>
> (1)  mistake, inadvertence, surprise or excusable neglect;
>
> (2)  newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);

(3)  fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

(4)  the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(5)  any other reason justifying relief from the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.  A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

Civ.R. 60(B).

{¶15} To prevail on a motion for relief from judgment under Civ.R. 60(B), a party must demonstrate: (1) a meritorious defense or claim; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion.  *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, (1976), paragraph two of the syllabus.  These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met.  *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994).

{¶16} Civ.R. 60(B)(5) permits relief from judgment for "any other reason justifying relief from the judgment," and is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust

operation of a judgment. However, it is not to be used as a substitute for any of the more specific provisions of Civ.R. 60(B) and the grounds should be substantial. *Caruso–Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, (1983) paragraphs one and two of the syllabus. Relief on this ground should be granted only in extraordinary situations, where the interests of justice require it. *Bank of New York v. Stilwell*, 5th Dist. No. 12 CA 3, 2012-Ohio-4123, ¶ 34. Furthermore, it is well settled that Civ.R. 60(B) "is not available as a substitute for a timely appeal * * * nor can the rule be used to circumvent or extend the time requirements for an appeal." *Blasco v. Mislik*, 69 Ohio St.2d 684, 686 (1982). It is a fundamental legal principle that there should be finality in every case, and that once judgment is entered it should be disturbed only under the proper circumstances. *Eubank v. Mardoian*, 9th Dist. No. 11CA009968, 2012-Ohio-1260, ¶ 12, citing *Adomeit v. Baltimore,* 39 Ohio App.2d 97, 100 (8th Dist.1974).

{¶17} In a review of a trial court's denial of a motion for relief from judgment pursuant to Civ.R. 60(B), a reviewing court must determine whether the trial court abused its discretion. *Harris v. Anderson*, 109 Ohio St.3d 101, 2006–Ohio1934, ¶ 7. A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound. *See State v. Boles*, 2d Dist. No. 23037, 2010–Ohio–278, ¶ 17–18; *Bank of New York v. Roether*, 3d Dist. No. 1-11-56, 2012-Ohio-1465, ¶ 13. When

applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶18} Civ.R. 60(B) strikes a balance between the competing principles of finality of judgments and perfect results by vesting the courts with broad, but not unlimited, authority to set aside judgments. *Crouser v. Crouser*, 39 Ohio St. 3d 177, 180-181(1988). This is necessary in order to provide certainty in the law and confidence in the system's ability to resolve disputes. *Id.*

{¶19} We do not find that the trial court has abused its discretion in this case for several reasons. The trial court found that the Wickham's motion for relief from judgment should not be granted because they failed to present a meritorious defense. The trial court's finding of fact should be given great deference because it is in the better position to evaluate the evidence. However, in this case there was no evidence of at least affidavit quality of the Wickham's claims of "fraud." Their assertions using the "buzz-words" of "robo-signer" were not supported by any testimony or evidence, but only by their unsupported and unsubstantiated claims. The trial court found that BONY was entitled to enforce the Mortgage and there was no actual evidence presented by the Wickhams contrary to this finding.

**{¶20}** We further question the timeliness of the Wickham's motion. *Even if* their assertions were true, it would appear more likely to have been a fraud upon the mortgagors, rather than a fraud upon the court. *See*, *e.g.*, *Coulson v. Coulson*, 5 Ohio St. 3d 12 (1983); *Austin v. Payne,* 107 Ohio App. 3d 818 (9th Dist.1995) (both discussing distinctions between the two types of fraud). However, normal fraud involving the parties would have been time-barred under Civ.R. 60(B)(3) because their motion was filed more than one year after the judgment. It seems as if their claim of "fraud upon the court" was meant to circumvent this. And again, *even if* we were to assume that this constituted a cause for relief under Civ.R. 60(B)(5), we still do not find that the motion, filed thirty-five months after the parties had entered into a Consent Judgment, was filed within a "reasonable time." There was no new information offered or facts presented that were not available to the Wickhams at the time they agreed to the Consent Judgment, acknowledging BONY's right to enforce the Mortgage. It would appear that the impending sheriff's sale may have been more of a motivation for the filing of the motion rather than any "newly discovered evidence."

**{¶21}** Subsequent to the oral arguments in this case, on October 31, 2012, the Supreme Court of Ohio decided *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, involving a mortgage holder that brought foreclosure action against mortgagors and then was *subsequently*

-10-

assigned the note and mortgage. The Ohio Supreme Court held that the plaintiff did not have an interest in the note or mortgage at the time it filed the foreclosure action and, therefore, had no standing to invoke jurisdiction of common pleas court. *Id.* A litigant cannot cure a lack of standing after commencement of the action by obtaining an interest in the subject of the litigation and substituting itself as the real party in interest. *Id.*

{¶22} The Wickhams filed a notice of supplemental authority, claiming that their case should also have been dismissed because there was no assignment of the Mortgage to BONY at the time the complaint was filed against the Wickhams. However, we find that *Schwartzwald* is not applicable to the facts in this case. Although the original complaint by *Bish Construction* was filed while MERS was still the real party in interest on the Mortgage, BONY's amended answer and cross complaint, filed on July 30, 2008 was filed *after* the assignment of Mortgage was executed on July 18, 2008.[1]

{¶23} The trial court did not abuse its discretion when it did not find that there were adequate grounds for granting the Wickhams' motion for relief from judgment. The assignment of error is overruled.

---

[1] Even before BONY obtained permission from the court to file its amended cross-claim, the original cross-claim was filed July 21, 2008, also *after* the execution of the assignment of the Mortgage.

{¶24} Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON, P.J., concurs.**

**ROGERS, J., concurs in Judgment Only.**

**/jlr**