[Cite as *Echemann v. Echemann*, 2018-Ohio-1441.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

TIMOTHY A. ECHEMANN,

    PLAINTIFF-APPELLEE,

                              CASE NO. 17-17-15

    v.

THOMAS A. ECHEMANN,

    DEFENDANT-APPELLANT,
    -and-                          O P I N I O N

ECHO OUTDOOR, ET AL.,

    DEFENDANTS-APPELLEES.

Appeal from Shelby County Common Pleas Court
Trial Court No. 15CV000214

Judgment Reversed and Cause Remanded

Date of Decision:   April 16, 2018

APPEARANCES:

    *Thomas W. Kerrigan, II* for Appellant

    *Jeremy M. Tomb* for Appellee, Timothy Echemann

**PRESTON, J.**

{¶1} Defendant-appellant, Thomas A. Echemann ("Tom"), appeals the August 28, 2017 judgment entry of the Shelby County Common Pleas Court granting plaintiff-appellee, Timothy A. Echemann ("Tim"), relief from judgment. For the reasons that follow, we reverse the decision of the trial court.

{¶2} Tom, Tim, and Pat Echemann ("Pat") were equal partners in Echo Outdoor, an Ohio partnership which owned and operated three billboards in or near Sidney, Ohio. (Doc. Nos. 142, 147).

{¶3} On September 28, 2015, Tim filed a complaint with the trial court seeking a judicial dissolution of Echo Outdoor. (Doc. No. 1). On October 15, 2015, Tom and Pat filed a joint answer. (Doc. No. 23). On November 9, 2015, Tim filed an amended complaint. (Doc. No. 33). On November 24, 2015, Tom and Pat filed a joint answer to Tim's amended complaint. (Doc. No. 39).

{¶4} On December 2, 2016, the trial court ordered judicial dissolution of Echo Outdoor. (Doc. No. 174).

{¶5} Following a June 26, 2017 bench trial, the trial court issued a judgment entry on July 17, 2017 determining the remaining assets of the partnership and setting an order of distribution. (Doc. Nos. 211, 231).

{¶6} On August 9, 2017, Tim filed a motion for relief from judgment under Civ.R. 60(B) requesting that the trial court vacate the July 17, 2017 judgment entry

and issue a new judgment entry. (Doc. No. 247). On August 14, 2017, Tom filed a memorandum in opposition to Tim's motion for relief from judgment. (Doc. No. 250).

{¶7} On August 23, 2017, the trial court granted Tim relief from judgment under Civ.R. 60(B) to correct a "mistake by the Court." (Doc. No. 252). The trial court stated that it "failed to address the issue of credits which were unilaterally taken by the parties in advance of trial but not considered by the Court in its Judgment Entry filed July 17, 2017." (*Id.*). The trial court further "acknowledge[d] that it focused on the issues as discussed by counsel without taking a more broad consideration of all the testimony presented at trial." (*Id.*). In conjunction with relieving Tim from judgment, the trial court issued an amended judgment entry purporting to remedy defects in the July 17, 2017 judgment entry. (*Id.*).

{¶8} On August 28, 2017, the trial court sua sponte issued a second amended judgment entry to correct a clerical error contained within the judgment entry filed on August 23, 2017. (Doc. No. 256).

{¶9} On September 8, 2017, Tom filed a notice of appeal. (Doc. No. 261). Tom raises two assignments of error for our review. We will address the assignments of error together.

**Assignment of Error No. I**

**The Trial Court Erred by Granting Tim Echemann's Civ.R. 60(B) Motion for Relief from the Judgment Entry.**

-3-

**Assignment of Error No. II**

**The Trial Court Erred by Granting Tim Echemann's Request to Amend the Judgment Entry in his Civ.R. 60(B) Motion for Relief from the Judgment Entry.**

{¶10} In his first assignment of error, Tom argues that the trial court erred in granting Tim's Civ.R. 60(B) motion for relief from the July 17, 2017 judgment ("July 17 judgment") of the trial court. Specifically, Tom argues that the trial court erred because Tim failed to proffer a meritorious defense or demonstrate that he is entitled to relief under any of the grounds set forth in Civ.R. 60(B)(1) through (5). In his second assignment of error, Tom asserts that the trial court erred by amending the July 17 judgment as part of granting Tim's motion for relief from judgment.

{¶11} To prevail on a motion for relief from judgment brought under Civ.R. 60(B), the moving party must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994), citing *GTE* at 151.

**{¶12}** From the face of the trial court's order relieving Tim from judgment, it is unclear precisely which basis for relief from judgment under Civ.R. 60(B) the trial court relied on. However, based on the language contained in Tim's motion for relief from judgment and the trial court's order and because Civ.R. 60(B)(2) through (4) are inapplicable to this case, we are assuming that the trial court granted Tim relief from judgment under Civ.R. 60(B)(1) or (5). *See Kerr Bldgs., Inc. v. Bishop*, 3d Dist. Henry No. 7-14-07, 2014-Ohio-5391, ¶ 16, citing *Estate of Heffner v. Cornwall*, 3d Dist. Mercer No. 10-03-06, 2003-Ohio-6318, ¶ 20.

**{¶13}** Civ.R. 60(B) provides, in relevant part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from the judgment.

Civ.R. 60(B)(1), (5). Of the four grounds listed in Civ.R. 60(B)(1), we are assuming that, based on the language used in the trial court's August 23, 2017 order and amended judgment entry, the trial court relieved Tim from its July 17 judgment on grounds of "mistake."

**{¶14}** "Mistake," as the term is used in Civ.R. 60(B)(1), refers to the mistakes of a party or a party's agent. *Doyle v. St. Clair*, 9th Dist. Lorain No. 16CA010967, 2017-Ohio-5477, ¶ 14; *Blatt v. Meridia Health Sys.*, 8th Dist.

Cuyahoga No. 89074, 2008-Ohio-1818, ¶ 10; *Carrabine v. Brown*, 11th Dist. Geauga No. 92-G-1736, 1993 WL 318809, *3 (Aug. 13, 1993) ("In our opinion, the term 'mistake' as used in Civ.R. 60(B)(1) refers solely to mistakes which have been made by a party * * *."); *Karpanty v. Scheer*, 6th Dist. Lucas No. L-86-020, 1986 WL 6282, *2 (June 6, 1986). *See Hankinson v. Hankinson*, 7th Dist. Mahoning No. 03 MA 7, 2004-Ohio-2480, ¶ 20. In contrast, "'a factual or legal mistake on the part of the trial court is not the type of mistake contemplated by Civ.R. 60(B)(1).'" *Culgan v. Miller*, 9th Dist. Medina No. 10CA0074-M, 2011-Ohio-6194, ¶ 12, quoting *Hankinson* at ¶ 20, citing *Gold Touch, Inc. v. TJS Lab., Inc.*, 130 Ohio App.3d 106, 110-111 (8th Dist.1998). *Accord In re Adoption of A.N.L.*, 12th Dist. Warren Nos. CA2004-11-131 and CA2005-04-046, 2005-Ohio-4239, ¶ 26; *Morley v. Morley*, 6th Dist. Lucas No. L-04-1051, 2004-Ohio-5247, ¶ 10 ("A mistake by the trial court in applying the law or finding of fact is not the type of 'mistake' contemplated by Civ.R. 60(B)(1) or any other section of Civ.R. 60(B) * * *."); *Carrabine* at *3. *See Chester Twp. v. Fraternal Order of Police, Ohio Labor Council, Inc.*, 102 Ohio App.3d 404, 408 (11th Dist.1995) ("The failure of a trial court to read or consider a brief is not an event covered by the various provisions of Civ.R. 60(B).").

{¶15} "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment,

but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64 (1983), paragraph one of the syllabus. "The grounds for invoking Civ.R. 60(B)(5) should be substantial." *Id.* at paragraph two of the syllabus. "Relief on this ground should be granted only in extraordinary situations, where the interests of justice require it." *Bish Constr., Inc. v. Wickham*, 3d Dist. Seneca No. 13-12-16, 2013-Ohio-421, ¶ 16, citing *Bank of New York v. Stillwell*, 5th Dist. Fairfield No. 12 CA 3, 2012-Ohio-4123, ¶ 34. *See also Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105 (8th Dist. 1974) ("Civil Rule 60(B)(5) is only to be used in an extraordinary and unusual case * * *.").

{¶16} "'A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion.'" *Kerr*, 2014-Ohio-5391, at ¶ 15, quoting *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). An abuse of discretion suggests a decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶17} The trial court abused its discretion by relieving Tim from the July 17 judgment because Tim cannot demonstrate that he is entitled to relief under any of the grounds stated in Civ.R. 60(B)(1) through (5). First, the mistake relied on by the trial court in relieving Tim from judgment is not the type of "mistake" referred

to in Civ.R. 60(B)(1). Second, the circumstances surrounding the July 17 judgment are not so extraordinary or unusual as to necessitate relief under Civ.R. 60(B)(5).

{¶18} In Tim's motion for relief from judgment, he stated that he was "trying to get the Judgment Entry correct based upon the Court's rulings and the evidence present in this case." (Doc. No. 247). Tim argued that "[t]he Trial Court's Entry [did] not indicate Trial Court testimony" and that it failed to include findings which Tim believes, in light of the evidence and testimony presented at trial, the trial court should have been compelled to make. (*Id.*). Essentially, Tim argued that the trial court either completely failed to consider evidence and testimony or that it did not properly consider evidence and testimony and that, as a result, the July 17 judgment is unsupported by the evidence.

{¶19} In its order relieving Tim from judgment, the trial court admits that it granted Tim's Civ. R. 60(B) motion "due to [a] mistake by the Court." (Doc. No. 252). This "mistake," according to the trial court, was that in crafting its original judgment entry, the trial court "focused on the issues as discussed by counsel without taking a more broad consideration of all the testimony presented at trial." (*Id.*). Further, the trial court commented that it "failed to address the issue of credits which were unilaterally taken by the parties in advance of trial but not considered by the Court in its Judgment Entry filed July 17, 2017." (*Id.*). These remarks indicate that the trial court concluded that it made a mistake in rendering its July 17

judgment and that the mistake amounted to more than the erroneous omission of findings it otherwise made.

**{¶20}** In sum, the "mistake" relied on by the trial court to relieve Tim from judgment—the trial court's purported failure to consider certain evidence and trial testimony in rendering its July 17 judgment—is a factual mistake on the part of the trial court and thus not the type of mistake contemplated by Civ.R. 60(B)(1). *See Chester Twp.*, 102 Ohio App.3d at 408 ("The failure of a trial court to read or consider a brief is not an event covered by the various provisions of Civ.R. 60(B).").

**{¶21}** Additionally, "[a] party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal." *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128 (1986), paragraph two of the syllabus. Where a party alleges an error which concerns "substantive, contested factual issues and potentially complex legal arguments" that "could have been supported by transcripts and evidence in the record," a direct appeal, not a Civ.R. 60(B) motion, is the "only proper vehicle for the correction" of said error. *Perez v. Angell*, 10th Dist. Franklin No. 07AP-37, 2007-Ohio-4519, ¶ 9. *Accord Saqr v. Naji*, 1st Dist. Hamilton No. C-160850, 2017-Ohio-8142, ¶ 29; *Ritchie v. Mahoning Cty.*, 7th Dist. Mahoning No. 15 MA 0167, 2017-Ohio-1213, ¶ 25; *In re A.K.*, 2d Dist. Champaign No. 2011 CA 4, 2011-Ohio-4536, ¶ 15; *Morley*, 2004-Ohio-5247, at ¶ 10. *See Volodkevich v. Volodkevich*, 35 Ohio St.3d 152, 155 (1988) ("[T]he gist of post-trial relief is to remedy an injustice

resulting from a cause that could not reasonably be addressed during the ordinary trial and appellate proceedings."). Because the trial court's failure to consider evidence or testimony would have been reflected somewhere in the record of the trial court's proceedings, the proper procedure was to seek relief from the July 17 judgment through a direct appeal, not through the use of a Civ.R. 60(B)(1) motion as a substitute for that appeal. *See Johnson v. Drum*, 11th Dist. Trumbull No. 2009-T-0038, 2009-Ohio-6147, ¶ 27 ("[Johnson], in essence, claims the trial court's judgment was not supported by the evidence, a claim that he could and should have made on direct appeal.").

{¶22} Therefore, we conclude that Tim is not entitled to relief from judgment under Civ.R. 60(B)(1). Our conclusion is consistent with the principle that motions for reconsideration of final judgments are nullities. *See Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 380-381 (1981). Allowing litigants to use Civ.R. 60(B)(1) to request trial courts to correct supposed factual errors in judgments may likely flout this well-established principle. To circumvent this rule, a party could just brand a motion for reconsideration as a "Civil Rule 60(B)(1) Motion for Relief from Judgment." That is, instead of asking the court to "reconsider" the evidence or factual findings that formed the basis of the trial court's judgment, a party could simply request the trial court to amend its judgment entry on the grounds that the court made a "mistake" in interpreting the facts or considering or weighing the

evidence and testimony. The latter motion would be nothing more than a disguised motion for reconsideration. *See Smith v. Bd. of Health*, 4th Dist. Scioto No. 92CA-2095, 1993 WL 256323, \*7 (June 29, 1993).

**{¶23}** Furthermore, we conclude that Tim is not entitled to relief from judgment under Civ.R. 60(B)(5). Claims that a trial court's judgment is against the manifest weight of the evidence or based on insufficient evidence are not so extraordinary or unusual as to rise to the level of other situations in which Ohio courts have found that relief under Civ.R. 60(B)(5) is or could be appropriate. *See, e.g.*, *Volodkevich* at 154 (concluding that "[a] judge's participation in a case which gives rise to the appearance of impropriety and possible bias could constitute grounds for relief under Civ.R. 60(B)(5)"); *Coulson v. Coulson*, 5 Ohio St.3d 12, 17 (1983) (holding that "pursuant to Civ.R. 60(B)(5) a court in appropriate circumstances may vacate a judgment vitiated by a fraud upon the court"); *Parts Pro Automotive Warehouse v. Summers*, 8th Dist. Cuyahoga No. 99574, 2013-Ohio-4795, ¶ 17 (noting that the inexcusable neglect of a party's attorney is an "'other factor' under Civ.R. 60(B)(5) and is grounds for relief").

**{¶24}** Because we conclude that Tim is not entitled to relief from judgment under any of the grounds listed in Civ.R. 60(B)(1) through (5), Tim failed to meet the second prong of the *GTE* test. A party cannot prevail on a Civ.R. 60(B) motion if they fail to satisfy any one of the *GTE* elements. *See United Bank v. Lemon*, 3d

Dist. Crawford No. 3-17-17, 2018-Ohio-634, ¶ 6, citing *Bish Constr.*, 2013-Ohio-421, at ¶ 15. As such, the trial court acted unreasonably in relieving Tim from the July 17 judgment and issuing an amended judgment entry. Therefore, we conclude that the trial court abused its discretion by relieving Tim from the July 17 judgment.

**{¶25}** Tom's assignments of error are, therefore, sustained.

**{¶26}** Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**SHAW, J., concurs.**

**/jlr**


**WILLAMOWSKI, P.J., concurring separately.**

**{¶27}** Although I concur with the conclusion of the majority, I am writing separately because I would reach that conclusion solely on the basis of the logic set forth in paragraph 21. The 60(B) motion in this case was merely being used as a substitute for an appeal, which is not permissible. Thus, I concur in the judgment to reverse the decision of the trial court.